UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                      Case No. 09-81861
                                                            Chapter 7

NORMA J. MURPHY,

     Debtor.

_____

In re:                                                      Case No. 12-30813
                                                            Chapter 13

VALERIE PICKETT,

     Debtor.

## MEMORANDUM OPINION
## ON TRUSTEE'S MOTION FOR INSTRUCTIONS

     Both of these cases began as ones under chapter 13. The Murphy case converted to one under chapter 7 on December 4, 2013. The Pickett case was dismissed on November 20, 2013. In each case, at the time of the conversion or dismissal, the trustee had funds on hand which had been collected during the course of the chapter 13 cases' administration. Now, the trustee seeks instruction as to the proper disposition of those funds following the case conversion or dismissal.

### Jurisdiction

     The court's jurisdiction in these matters is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because these motions involve matters concerning the administration of these estates, these are core proceedings under 28 U.S.C. § 157(b)(2)(A), thereby extending this court's jurisdiction to the entry of a final order of judgment.

Undisputed Facts

The Murphy Case

Norma J. Murphy filed a chapter 13 petition for relief in this court on November 5, 2009. Her chapter 13 plan was confirmed on January 19, 2010, and the chapter 13 trustee began collecting and disbursing monies pursuant to Ms. Murphy's confirmed plan.

On December 4, 2013, Ms. Murphy converted her chapter 13 case to one under chapter 7. At the time of conversion, the trustee had $20.01 on hand, all of which had been collected prior to the date of conversion.

The Pickett Case

Valerie Pickett filed a chapter 13 petition for relief in this court on April 3, 2012. Her chapter 13 plan was confirmed on June 28, 2012. Thereafter, the trustee began collecting and disbursing monies pursuant to Ms. Pickett's confirmed plan.

On March 18, 2013, the trustee filed a motion to dismiss Ms. Pickett's chapter 13 case alleging material default in plan payments. On November 20, 2013, an order entered granting the trustee's motion and dismissing the case. At the time of the dismissal, the trustee had $1,019.99 on hand, all of which had been collected prior to the date of dismissal.

Conclusions of Law

In these cases, the trustee requests instructions from the court as to the proper disposition of funds held by the trustee which were collected prior to the conversion or dismissal of the respective cases. The legal effect of conversion and dismissal present separate and distinct issues. The court will first address the issues present in a converted case as it results in a continuing bankruptcy estate to which the funds could be transferred.

Prior to the Bankruptcy Reform Act of 1994, courts reached three different conclusions when determining the disposition of such funds. The funds were held to be either (1) property of the new chapter 7 estate, (2)

property of the debtor, or (3) property of creditors under the chapter 13 plan. In the Bankruptcy Reform Act of 1994, Congress added § 348(f) to the Bankruptcy Code, which provides that upon conversion of a chapter 13 case to another chapter, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A).

The leading case discussing the application of § 348(f) to the disposition of funds remaining upon conversion of a chapter 13 case to one under chapter 7 is *In re Michael*, 699 F.3d 305 (3d Cir. 2012). In *Michael*, the court decided that any funds remaining at the time of the conversion belonged to the debtor and should be returned to him. The court explained that when a case is converted from chapter 13 to chapter 7, the chapter 13 case is ended and thus the chapter 13 estate is terminated. Since § 348(f) provides that the chapter 7 estate consists of property as of the date of the filing, which is the date on which the chapter 13 case was filed, any after-acquired income or property is not part of the chapter 7 estate. *Id.* at 313. Further, the *Michael* court reasoned that § 1327(b) vests all of the property of the chapter 13 estate in the debtor, including property held by the trustee that was acquired post-petition, and there are no provisions of the Bankruptcy Code that vest any property interest in the creditors prior to actual distribution of the funds. *Id.* at 313-14. The court notes that since § 348(f) was added to the Code, all circuit level authority that have considered the effects of that section on the remaining chapter 13 estate have determined that it does not become part of the chapter 7 estate, but belongs to the debtor. *See id.* at 315-16; *see also Stamm v. Morton (In re Stamm),* 222 F.3d 216, 218 (5th Cir. 2000) (remanded the case for determination of the amount of funds due to the debtors), *Young v. Key Bank of Maine (In re Young)*, 66 F.3d 376, 378 (1st Cir. 1995) (determined that post-petition payments by the debtor under a chapter 13 plan were not part of the chapter 7 estate upon conversion due to the provisions in the Bankruptcy Reform Act of 1994), and *Bell v. Bell (In re Bell)*, 225 F.3d 203, 217 (2d Cir. 2000) (noted that the enactment of § 348(f) ensured that "after-acquired property does not form part of the converted estate unless the case was converted in bad faith").

This court finds the rationale expressed in *In re Michael* persuasive and holds that any funds remaining on hand in a chapter 13 case upon conversion to a chapter 7 case belong to the debtor.

The court now turns to the issues affecting the property of the chapter 13 estate upon dismissal of the case. Unlike in a converted case, no circuit-level authority addresses this issue. The Middle District of Tennessee in *In re Hamilton*, 493 B.R. 31 (M.D. Tenn. 2013) discussed the disposition of remaining funds when a post-confirmation case is dismissed. In *Hamilton*, the court decided that the issue was controlled by § 349(b) of the Code, which serves to undo the bankruptcy as much as possible and place the parties in the position they occupied prior to the filing of the petition. *Id.* at 38. Since a chapter 13 case may be dismissed prior to the determination of all the objections to claims, it may also be difficult or impossible for the trustee to determine how to distribute any funds remaining, especially since the dismissal of the case effectively vacates the chapter 13 plan. *See id.* at 41. Additionally, upon dismissal, § 349(b)(3) specifically vests in the debtor all of the debtor's post-petition earnings, and there is no exception to this provision, "unless the court, for cause, orders otherwise." *Id.* at 39. Therefore, upon dismissal of a post-confirmation chapter 13 case, the funds remaining with the trustee are property of the debtor. *Id.* at 46. This court finds the rationale used in *In re Hamilton* persuasive and holds that any funds remaining in a chapter 13 case upon dismissal belong to the debtor.

## Conclusion

In accordance with the aforementioned reasons, the funds remaining on hand with the trustee upon conversion or dismissal of a chapter 13 case are the property of the debtor and should thus be returned to the debtor. A separate order will enter requiring remaining funds in the two above-mentioned cases to be returned to the debtors.

Done this 6th day of February, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge
/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors

Dana M. May, Attorney for Debtor
Paul D. Esco, Attorney for Debtor
Richard Shinbaum, Attorney for Debtor
Charles M. Ingrum, Jr., Attorney for Debtor
Creditors
Curtis C. Reding, Chapter 13 Trustee
Cecil M. Tipton, Jr., Chapter 7 Trustee
Daniel G. Hamm, Chapter 7 Trustee